UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **HAROLD JOE BLACK** | **CIVIL ACTION NO. 5:14-cv-3374** |
| **VS.** | **SECTION P** |
| | **JUDGE ELIZABETH E. FOOTE** |
| **SUSAN WALL GRIFFEN, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

Pro se plaintiff Harold Joe Black filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on December 3, 2014. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 27 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE.**

*Background*

Plaintiff was convicted of distribution of cocaine following trial by jury in Louisiana's First Judicial District Court, Caddo Parish. His sentence was enhanced based on his status as a second-felony offender, and he was sentenced to 15 years in prison. His conviction and sentence were affirmed on direct appeal. *State v. Black*, 786 So.2d 289 (La.App. 2d Cir.2001), *writ denied*, 815 So.2d 831 (La.2002). His efforts to obtain post-conviction relief were denied by various Louisiana courts as were his efforts to obtain *habeas corpus* relief in this Court. During the period of his incarceration, he filed numerous frivolous civil actions and he was ultimately barred from proceeding *in forma pauperis* under the provisions of 28 U.S.C. §1915(g). *See Black v. Blanco*, Civil Action No. 1:06-cv-1089 and the civil actions cited therein. On June 15, 2014

Judge Tom Stagg dismissed yet another frivolous civil action filed by plaintiff and imposed a sanction prohibiting plaintiff from filing any new civil action in this District without prior approval and authorization of the Chief Judge of this District. *See Black v. Hathaway, et al.*, Civil Action No. 5:14-cv-0822.

Plaintiff then filed the instant complaint on December 3, 2014. Plaintiff sues United States District Judges Drell, Hicks, and Walter of the Western District and Judge Jackson of the Middle District of Louisiana. He sues United States Magistrate Judges Kirk, and Hornsby, and former Magistrate Judge Payne. He also sues Quintillis Lawrence, who he identifies as a Commissioner in Louisiana's Nineteenth Judicial District Court and Susan Griffen, an attorney representing the Louisiana Department of Corrections. He also sues all of the defendants identified in prior civil actions filed in this Court between 2001 and 2013, namely 1:04-cv-2489, 1:04-cv-2532, 5:05-cv-1125, 5:06-cv-0212, 5:01-cv-2189, 1:06-cv-1089, and 3:13-cv-0019.

He claims that the defendants violated his Constitutional rights to equal protection and access to the Courts when they dismissed his complaints and petitions and when they imposed strikes pursuant to Section 1915(g); he prays that he be "compensated" for these alleged violations.

### *Law and Analysis*

Plaintiff is no longer a prisoner; therefore the sanction provided by Section 1915(g) may no longer be employed to bar proceeding *in forma pauperis* by this plaintiff. However, Judge Staff's June 5, 2014 sanction order remains in force. Plaintiff has not sought the prior approval and authorization of the Chief Judge of this District. However, Chief Judge Drell is named as a defendant in this complaint. Accordingly, this matter was referred to Judge Foote.

As noted above, plaintiff has sued the Judges and Magistrate Judges of this District as well as Commissioners and Judges of various Louisiana State Courts. He complains in each instance of harm befalling him as a result of the various judgments and orders rendered by these jurists. Clearly his claims seeking compensatory damages from these judicial officers is barred by the doctrine of judicial immunity. It is well settled that "[j]udicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial discretion." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir.1994); *Krueger v. Reimer*, 66 F.3d 75, 76-77 (5th Cir.1995) (*per curiam*); *Graves v. Hampton*, 1 F.3d 315, 317 (5th Cir.1993), abrogated on other grounds by *Arvie v. Broussard*, 42 F.3d 249 (5th Cir.1994). "A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359, 98 S.Ct. 1099, 1106, 55 L.Ed.2d 331 (1978); *Brandley v. Keeshan*, 64 F.3d 196, 200-201 (5th Cir.1995), *cert. denied*, 516 U.S. 1129 (1996). Judicial immunity is an immunity from suit and not just from the ultimate assessment of damages. *Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991).

Further, it is likewise clear that plaintiff's suit against both the judges and non-judicial defendants would be barred by the doctrine of prescription. The Supreme Court has held that the statute of limitations for a §1983 action is the same as the general statute of limitations in a personal injury action in the state in which the claim accrues. *Wilson v. Garcia*, 471 U.S. 261, 279-280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1984). However, the date of accrual for a §1983 claim is a question of federal law. *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986). "Under federal law, the limitations

period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski*, 51 F.3d at 516, quoting *Vigman v. Community National Bank and Trust Co.*, 635 F.2d 455, 459 (5th Cir. 1981). A plaintiff need not realize that a legal cause of action exists but only that the facts support a claim. *See Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983).

The Fifth Circuit has approved application of Louisiana's one-year personal injury statute of limitations provided by La. Civ.Code art 3492 in a §1983 action. *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980). Plaintiff complains about events and circumstances that occurred during his arrest, prosecution, trial, and imprisonment. These claims accrued, at the latest on some date prior to May 13, 2014, the date he was released from custody. Plaintiff's complaint was filed in December, 2014, well beyond the 1-year period of limitations.

Accordingly,

**IT IS RECOMMENDED** that the Court deny plaintiff the authorization to file this clearly frivolous complaint and order all pleadings stricken from the record.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen**

**(14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, December 11, 2014.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE